**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Claudia Murrietta, on behalf of herself and next best friend for her natural child, Mayrin Quiroz,<br><br>　　　　Plaintiffs,<br><br>vs.<br><br>Banner Health System, a North Dakota corporation d/b/a/ Banner Good Samaritan Medical Center; and United States of America,<br><br>　　　　Defendants. | No. CV-06-371-PHX-DGC<br><br>**ORDER** |

Pending before the Court are Defendant United States of America's motion to dismiss and Plaintiffs' motion to remand. Doc. #5, 10. For the reasons stated below, Defendant's motion to dismiss will be granted and Plaintiffs' motion to remand will be denied as moot, although the case will be remanded under 28 U.S.C. § 1367.

**I.    Background.**

Plaintiff Claudia Murrietta originally filed this action in the Superior Court of Maricopa County, Arizona, against Banner Health System, Mountain Park Health Center ("Mountain Park"), and Mountain Park employees John R. Swagert, M.D., and Rudolph Bustamante, M.D. Drs. Swagert and Bustamante gave Plaintiff Murrietta prenatal care at Mountain Park and delivered her child, Mayrin Quiroz, at a Banner Health System facility.

1  Doc. #9 at 3. Plaintiff Murrietta claims that the negligence of Drs. Swagert and Bustamante
2  caused her child to suffer a brachial plexus injury resulting in Erbs palsy. *Id.*

3  Mountain Park is a federally-assisted health care center, and Drs. Swagert and
4  Bustamante were employees of Mountain Park during the time of the alleged negligence.
5  Doc. #1 at 2. The United States Attorney for the District of Arizona, as designee for the
6  Attorney General, certified Mountain Park and Drs. Swagert and Bustamante as employees
7  of the Public Health Service ("PHS") of the United States Department of Health and Human
8  Services ("HHS"). *Id.* Ex. 3. Pursuant to 28 U.S.C. §§ 1441, 1442, 1446, and 2679(d)(2)
9  and 42 U.S.C. § 233(a)-(c) and (g), the action was removed to this Court and the United
10 States was substituted as Defendant for Mountain Park and Drs. Swagert and Bustamante.
11 Doc. #1.

12 **II.    Defendant's Motion to Dismiss.**

13 Federal law authorizes the Attorney General to certify that a United States employee
14 was acting within the scope of his employment at the time of an incident which gives rise to
15 a civil claim. *Meridian Int'l Logistics, Inc. v. United States*, 939 F.2d 740, 743 (9th Cir.
16 1991); 28 U.S.C. § 2679(d)(1) and (2). Once certification is given in a civil action, federal
17 law mandates both the substitution of the United States as defendant and, if the case is
18 pending in state court, removal of the action to federal court. *Id.*

19 Under the Federal Tort Claims Act ("FTCA"), an action cannot be brought against the
20 United States unless "a claimant shall have first presented the claim to the appropriate
21 Federal agency" and been denied recovery. 28 U.S.C.§ 2675(a); *see also Landreth v. United*
22 *States*, 850 F.2d 532, 533 (9th Cir. 1988). The United States has submitted a declaration
23 from the HHS that no such administrative claim has been filed by Plaintiffs (Doc. #5 Ex. 4),
24 a fact Plaintiffs do not dispute. The United States moves to dismiss the complaint because
25 Plaintiffs have not met this jurisdictional requirement. Doc. #5.

26 Plaintiffs make two arguments in response. First, they suggest that the United States
27 may have been improperly substituted for Drs. Swagert and Bustamante – that the doctors
28 may have been acting outside the scope of their employment during the events at issue in this

- 2 -

1  case. Plaintiffs request permission to conduct discovery regarding the doctors' scope of
2  employment under Mountain Park's federal grant. Doc. #9 at 2. Second, Plaintiffs argue that
3  they were not required to submit an administrative tort claim under the FTCA because they
4  did not know the doctors were federal employees.

5       **A.    Plaintiffs' Request for Discovery.**

6       A district court may conduct a *de novo* review of the Attorney General's scope-of-
7  employment determination. *Meridian*, 939 F.2d at 745. The court may do so by reviewing
8  "specific documentary proof provided by the parties." *Pelletier v. Federal Home Loan Bank*
9  *of San Francisco*, 968 F.2d 865, 874 (9th Cir. 1992). The Court may also hold an evidentiary
10  hearing, but federal courts have noted that the party challenging the certification must
11  provide "something more than conclusory abstractions" in order to obtain such a hearing.
12  *Day v. Massachusetts Air National Guard*, 167 F.3d 678, 686 (1st Cir. 1999). Ultimately,
13  "the party seeking review bears the burden of presenting evidence and disproving the
14  Attorney General's decision to grant or deny scope of employment certification[.]" *Green*
15  *v. Hall*, 8 F.3d 695, 698 (9th Cir. 1993).

16       In this case, the Attorney General's certification is prima facie evidence that Mountain
17  Park and Drs. Swagert and Bustamante were employees of the PHS acting within the scope
18  of their employment. *See Billings v. Montana*, 57 F.3d 797, 800 (9th Cir. 1995). In addition,
19  the United States has submitted letters from HHS deeming Mountain Park and its qualifying
20  practitioners as employees of PHS for purposes of FTCA coverage and has submitted
21  statements from Drs. Swagert and Bustamante that they meet the qualifications for FTCA
22  coverage and did not bill privately for any services related to Plaintiffs' complaint. Doc. #13
23  Ex. 6-7. Plaintiffs have presented no documentary evidence to the contrary.

24       Plaintiffs' primary challenge to the certification is that Drs. Swagert and Bustamante
25  performed the delivery at a Banner Health System facility that is not federally funded. Doc.
26  #11 at 1, 5. The Federally Supported Health Centers Assistance Act of 1995, however,
27  expanded the liability protection of PHS employees to "all patients of the entity." 42 U.S.C.
28  § 233(g)(1)(B). It is undisputed that Plaintiff Murrietta was a patient of Mountain Park.

When Drs. Swagert and Bustamante performed the delivery at a non-federally funded Banner Health System hospital, they did so on behalf of, and as part of their contracted services for, Mountain Park. *See* Doc. #13 Ex. 7.

Plaintiffs also argue that Drs. Swagert and Bustamante may not have been acting within the scope of their employment if Plaintiff Murietta's public health insurance covered the costs of treatment. Plaintiffs cite *Metcalf v. West Suburban Hospital*, 912 F. Supp. 382 (N.D. Ill. 1996), in support of this argument. Although *Metcalf* stated in dictum that a plaintiff's claim would not be covered by the FTCA as "related to grant-supported activity" if the plaintiff's insurance paid for the care given, the court also recognized that the proposed legislation then before Congress (the Federally Supported Health Centers Assistance Act of 1995) would expand FTCA coverage to the plaintiff's circumstances. *See id.* at 388 n.5.

In sum, Plaintiffs have not submitted evidence to challenge the Attorney General's certification or the evidence provided by the Government in support of that certification. Nor have Plaintiffs established a basis for undertaking discovery – their arguments, even if supported by discovery, would not overcome the Attorney General's certification.

Moreover, federal courts have recognized that "[p]ermitting additional discovery when the Attorney General's certification is not based on a different understanding of the facts than is reflected in [the plaintiff's] complaint would undermine the intent of the Westfall Act to protect federal employees from responding to state law tort claims." *Brumfield v. Sanders*, 232 F.3d 376, 379-80 (3rd Cir. 2000). Here, the Attorney General's certification is not based on a different understanding of the facts than is found in Plaintiffs' complaint.

**B.   Plaintiffs' Administrative Claim Argument.**

Plaintiffs also assert that they were not required to file an administrative claim under the FTCA because they did not know, and had no reason to know, that Mountain Park received federal funding. Doc. #9 at 3. The primary case cited by Plaintiffs in support of this argument, *Kelley v. United States*, 568 F.2d 259 (2nd Cir. 1978), pre-dates the Westfall Act which amended the FTCA in 1988. Because the Westfall Act allows a plaintiff sixty days

1  to file an administrative claim following a district court's dismissal, the Second Circuit has
2  said that its chief concern in *Kelley* has "been allayed" and that the *Kelley* rule is "no longer
3  in force." *Celestine v. Mount Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 83-84 (2d Cir.
4  2005). The other cases cited by Plaintiffs, *Van Lieu v. United States*, 542 F. Supp. 862 (N.D.
5  N.Y. 1982), and *Harris v. Burris Chemical, Inc.*, 490 F. Supp. 968 (N.D. Ga. 1980)), also
6  pre-date the Westfall Act.

## III.    Plaintiffs' Motion to Remand.

In addition to the arguments addressed above, Plaintiffs move to remand because Defendants did not file the notice of removal within the thirty-day period required by 28 U.S.C. § 1446(b). Doc. #10 at 2. Under the FTCA, however, the Attorney General may remove the action "at any time before trial." 28 U.S.C. § 2679(d)(2).

Plaintiffs also argue that an evidentiary hearing is required under 28 U.S.C. § 1446(c)(5) to determine whether the removal was appropriate. Doc. #10. By its terms, however, § 1446(c) applies only to criminal prosecutions.

## IV.    Supplemental Jurisdiction.

When all federal claims are eliminated early in a case and only state claims remain, the district court has "a powerful reason to choose not to continue to exercise jurisdiction." *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 348 (1988); *see* 28 U.S.C. § 1367(c)(3). Indeed, "it is generally preferable for a district court to remand remaining pendent claims to state court[.]" *Harrell v. 20th Century Ins. Co.*, 934 F.2d 203, 205 (9th Cir. 1991); *see* 28 U.S.C. § 1447(c). Upon dismissal of the claim against the United States, the claim against Banner Health System will still remain, but the grounds for federal question jurisdiction will no longer exist. Because the litigation is at an early stage, the Court will not exercise supplemental jurisdiction over the remaining state claims.

**IT IS ORDERED:**

1. Defendant United States of America's motion to dismiss (Doc. #5) is **granted**.
2. Plaintiffs' motion to remand (Doc. #10) is **denied** as moot.

3. The Clerk shall **remand** this action to state court.

DATED this 9th day of June, 2006.

*/s/ Daniel G. Campbell*

David G. Campbell
United States District Judge